1  QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
2    Eric J. Emanuel (Bar No. 102187)
     ericemanuel@quinnemanuel.com
3    A. William Urquhart (Bar No. 140996)
     billurquhart@quinnemanuel.com
4    Richard A. Schirtzer (Bar No. 150165)
     richardschirtzer@quinnemanuel.com
5    John S. Purcell (Bar No. 158969)
     johnpurcell@quinnemanuel.com
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
7  Telephone: (213) 443 3000
   Facsimile: (213) 443 3100
8
   QUINN EMANUEL URQUHART
9  OLIVER & HEDGES, LLP
     Philippe Z. Selendy
10   philippeselendy@quinnemanuel.com
   51 Madison Avenue
11 New York, New York 10010
   Telephone: (212)-849-7000
12 Facsimile: (212)-849-7100

13 Attorneys for United Guaranty Mortgage
   Indemnity Company, United Guaranty Residential
14 Insurance Company, and United Guaranty
   Residential Insurance Company of North Carolina

15

16                UNITED STATES DISTRICT COURT

17                CENTRAL DISTRICT OF CALIFORNIA

18 COUNTRYWIDE BANK, FSB, a              CASE NO.
   federal savings bank; COUNTRYWIDE
19 HOME LOANS, INC., a corporation;      CV09-2732 PA PLAx
   and COUNTRYWIDE HOME LOANS
20 SERVICING, LP, a limited partnership, NOTICE OF REMOVAL OF
                                         ACTION TO FEDERAL COURT
21              Plaintiffs,

22     vs.

23 UNITED GUARANTY MORTGAGE
   INDEMNITY COMPANY, a
24 corporation; UNITED GUARANTY
   RESIDENTIAL INSURANCE
25 COMPANY, a NORTH CAROLINA CORPORATION
   UNITED GUARANTY
26 RESIDENTIAL INSURANCE
   COMPANY OF NORTH CAROLINA,
27 A NORTH CAROLINA CORPORATION AND DOES 1
   THROUGH 100 INCLUSIVE
28              Defendants.

CONFORMED COPY

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants United Guaranty Mortgage Indemnity Company, United Guaranty Residential Insurance Company, and United Guaranty Residential Insurance Company of North Carolina hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the ground of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) & 1441(a), and in support thereof respectfully show the Court as follows:

A. <u>Timing of Removal</u>

1. On March 18, 2009, an action was commenced in the Superior Court of the State of California for the County of Los Angeles, captioned Countrywide Bank, FSB ("Countrywide Bank"), Countrywide Home Loans, Inc. ("Countrywide Home Loans"), and Countrywide Home Loans Servicing, LP ("Countrywide Servicing," and together with Countrywide Bank and Countrywide Home Loans, "Countrywide") v. United Guaranty Mortgage Indemnity Company ("UG Mortgage"), United Guaranty Residential Insurance Company ("UG Residential"), United Guaranty Residential Insurance Company of North Carolina ("UGNC"), and Does 1 through 100, case number BC 409996 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A.

2. Defendants UG Mortgage and UG Residential were personally served with the Complaint and a Summons issued by the Los Angeles Superior Court on March 19, 2009. UGNC was served with the Complaint and Summons via registered, certified, first-class mail sent on March 19, 2009. A true and correct copy of the Summons is attached hereto as Exhibit B.

3. This notice is being filed within 30 days after UG Mortgage and UG Residential were served with a copy of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

-1-

NOTICE OF REMOVAL

4. A copy of this notice is being served on counsel for Countrywide and filed with the clerk of the Los Angeles Superior Court.

B. Grounds for Removal

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the value of $75,000.

6. For purposes of diversity jurisdiction, the United States Supreme Court has established that the citizenship of only citizens who are "real and substantial parties to the controversy" is considered. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); see also Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

7. Defendant UG Mortgage is, and at the time of the filing of the State Court Action was, a corporation organized under the laws of the State of North Carolina with its principal place of business in Greensboro, North Carolina. Accordingly, UG Mortgage is a citizen of North Carolina. See 28 U.S.C. § 1332(c)(1).

8. Defendant UG Residential is, and at the time of the filing of the State Court Action was, a corporation organized under the laws of the State of North Carolina with its principal place of business in Greensboro, North Carolina. Accordingly, UG Residential is a citizen of North Carolina. See 28 U.S.C. § 1332(c)(1).

9. Defendant UGNC is, and at the time of the filing of the State Court Action was, a corporation organized under the laws of the State of North Carolina with its principal place of business in Greensboro, North Carolina. Accordingly, UGNC is a citizen of North Carolina. See 28 U.S.C. § 1332(c)(1).

10. Plaintiff Countrywide Bank is a federal savings bank with its principal place of business in Centennial, Colorado. Accordingly, Countrywide Bank is a citizen of Colorado. See 12 U.S.C. §§ 1464(a) & (x).

11. Plaintiff Countrywide Home Loans is a corporation organized under the laws of the State of New York with its principal place of business in Calabasas, California. Accordingly, Countrywide Home Loans is a citizen of New York and California. See 28 U.S.C. § 1332(c)(1).

12. The citizenship of plaintiff Countrywide Servicing is not relevant for purposes of diversity jurisdiction because Countrywide Servicing is not a "real and substantial" party to the controversy. See Navarro, 446 U.S. at 460-61. Countrywide Servicing is suing as an agent on behalf of The Bank of New York Trust Company, N.A. ("Bank of New York Trust"), BNY Western Trust Company (now Bank of New York Trust), and Countrywide Bank, the entities that purchased and are insured under the policies at issue in the State Court Action. See Complaint ¶¶ 17 (UG Mortgage sold 15 first lien mortgage insurance policies to Bank of New York Trust), 29 (UG Residential sold a first lien mortgage insurance policy to BNY Western Trust Company), 43-44 (UGNC agreed to insure Countrywide Bank under a "Bulk Policy), 57-58 (UGNC sold an "Accumulation Policy" to Countrywide Bank, the original insured under the Accumulation Policy); see also Complaint ¶ 4 (Countrywide Servicing brings the State Court Action "on behalf of trustees"), 23 (acknowledging that the "Servicer" acts as an agent), 35 (same), 51 (same). For purposes of diversity jurisdiction, "where a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 194 (2d Cir. 2003); accord Associated Ins. Mgmt. Corp. v. Arkansas General Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998) ("[C]omplete diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the

-3-

NOTICE OF REMOVAL

real parties must be ignored."). Here, the parties represented by Countrywide Servicing are Countrywide Bank, a citizen of Colorado, and the Bank of New York Trust, a national banking association with its principal place of business in Los Angeles, California and therefore a citizen of California. See supra Paragraph 10; Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006) (national banking association is a citizen of the state in which its principal place of business is located).

13. To the extent that Countrywide Servicing was referred to as an "insured" under the policies at issue, the Complaint and the insurance policies attached to the Complaint demonstrate that such reference was made for the purpose of ensuring that Countrywide Servicing could act as an "agent" under the policies "for all purposes." See, e.g., Complaint ¶¶ 23-24, 35-36 (alleging that Countrywide Servicing is an insured under the policy based on the definition of "Servicer," which provides that "[t]he Servicer acts as the agent of the Beneficiary for all purposes ... under this Policy" and "[a]ny reference to the Insured in this Policy shall also equally be a reference to the Servicer").

14. Further, the insurance policies attached to the Complaint and the factual allegations set forth in the Complaint, which state merely that Countrywide Servicing has delegated authority to take all required and appropriate actions under the policies at issue, see Complaint ¶¶ 20, 23-24, 31, 35-36, 4651-52, do not support the legal conclusion that Countrywide Servicing was an intended third party beneficiary under the policies. See, e.g., Infinet Mktg. Servs., Inc. v. American Motorist Ins. Co., 150 Cal. App. 4th 168, 177 (2007) (a party seeking to qualify as a third party beneficiary under an insurance policy must show that "the policy was procured expressly for its benefit, or that it is a member of the class of persons for whose benefit it was procured"; "[i]t cannot enforce the contract just because it would receive some benefit from its performance"); Complaint Ex. A ¶ 6.9 ("This Policy is a first party contract only .... Neither the Borrower, nor any successive

-4-

1  owner of the Property, or any other third party, is included or intended as a
2  beneficiary of or an Insured under this Policy.").

3      15.    Based on the foregoing, this action is between citizens of
4  California, Colorado, and New York, on the one hand, and citizens of North
5  Carolina, on the other, and there is complete diversity of citizenship.

6      16.    Countrywide seeks damages in excess of $43 million. See, e.g.,
7  Complaint ¶ 152.

9      WHEREFORE, defendants UG Mortgage, UG Residential, and UGNC
10 respectfully notify this Court that, pursuant to 28 U.S.C. §§ 1332(a) & 1441(a), they
11 have removed the State Court Action from the Los Angeles Superior Court to this
12 Court.

14 DATED: April 20, 2009        Respectfully submitted,

15                                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18                                    By_____
                                   Eric J. Emanuel
19                                    Attorneys for United Guaranty Mortgage Indemnity Company, United Guaranty Residential Insurance Company, and United Guaranty Residential Insurance Company of North Carolina

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 2732 PA (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**CONFORMED COPY**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Countrywide Home Loans Servicing, LP

**DEFENDANTS**
United Guaranty Mortgage Indemnity Company, United Guaranty Residential Insurance Company, United Guaranty Residential Insurance Company of North Carolina

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Arapahoe County, Colorado

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David M. Halbreich
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 457-8000
(213) 457-8080

Attorneys (If Known)
Eric J. Emanuel
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
(213) 443-3100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 43 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory judgment, breach of contract, and breach of the implied covenant of good faith and fair dealing

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

CV09-2732

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?    ☐ No   [X] Yes

If yes, list case number(s): Case No. CV 09-01888 MRP (JWJx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [X] A. Arise from the same or closely related transactions, happenings, or events; or

[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
See attachment.

List the California County, or State if other than California, in which EACH named defendant resides.    (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.
See attachment.

List the California County, or State if other than California, in which EACH claim arose.    (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

See attachment.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** /s/ Emanuel    Date April 20, 2009
Eric J. Emanuel, Attorneys for Defendants

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Attachment to Civil Cover Sheet

IX. Venue

Venue is based on the removal statute. See 28 U.S.C. 1446(a). This action was pending in the Superior Court of the State of California for the County of Los Angeles and was removed to this Court, which is the federal court for the county in which the state court action was pending.

1. Plaintiffs in this action are Countrywide Bank, FSB, a resident of Colorado; Countrywide Home Loans, Inc., a resident of Los Angeles County, California and New York; and Countrywide Home Loans Servicing, LP, a resident of North Carolina whose citizenship is not considered for diversity purposes.

2. Defendants in this action are United Guaranty Mortgage Indemnity Company, United Guaranty Residential Insurance Company, and United Guaranty Residential Insurance Company of North Carolina, all residents of North Carolina.

3. Plaintiffs in this action allege multiple contracts were breached, at least some of which appear to have arisen in Los Angeles County, California. Defendants do not have sufficient information to identify the location in which each and every claim arose.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.       Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.