QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
  Richard A. Schirtzer (Bar No. 150165)
  richardschirtzer@quinnemanuel.com
  Eric J. Emanuel (Bar No. 102187)
  ericemanuel@quinnemanuel.com
  Randa A.F. Osman (Bar No. 150798)
  randaosman@quinnemanuel.com
  Molly Stephens (Bar No. 232211)
  mollystephens@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
  Philippe Z. Selendy
  philippeselendy@quinnemanuel.com
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for United Guaranty Mortgage
Indemnity Company, United Guaranty Residential
Insurance Company, and United Guaranty
Residential Insurance Company of North Carolina

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRYWIDE BANK, FSB, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED GUARANTY MORTGAGE INDEMNITY COMPANY, et al.,<br><br>Defendants. | CASE NO. CV09-2732 MRP(JWJx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTRYWIDE'S CORRECTED FIRST AMENDED COMPLAINT**<br><br>[Declaration of Richard A. Schirtzer filed concurrently herewith]<br><br>DATE: August 31, 2009<br>TIME: 10:00 am<br>PLACE: Courtroom 12, Western Division, Spring Street Courthouse<br>JUDGE: Hon. Mariana R. Pfaelzer |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 2

I. THE PARTIES HAVE RESOLVED THE RULE 17 ISSUE ........................ 2

II. THE DECLARATORY JUDGMENT CLAIMS (THIRD AND SIXTH THROUGH NINTH CAUSES OF ACTION) SHOULD BE DISMISSED ................................................................................................... 3

    A. The Declaratory Relief Claims That Duplicate Substantive Claims (Third, Sixth, Seventh, and Eighth Causes of Action) Serve No Useful Purpose ............................................................... 3

        1. Declaratory Judgment Will Not Resolve the Parties' Entire Dispute ............................................................................. 3

        2. The Duplicative Declaratory Judgment Claims Seek to Litigate the Merits of Substantive Claims ................................... 5

        3. The Duplicative Declaratory Relief Claims Are an Attempt to Take Substantive Issues From the Jury ...................... 7

    B. The Declaratory Relief Claim Based on the CGF (Pool Policy) (Ninth Cause of Action) Does Not Address a Live Controversy ........... 7

CONCLUSION ......................................................................................................... 9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**CASES**

Aetna Life Ins. Co. v. Haworth,
   300 U.S. 227 (1937) ............................................................................................. 8

Allstate Ins. Co. v. Davis,
   430 F. Supp. 2d 1112 (D. Haw. 2006) ................................................................. 3

Calderon v. Ashmus,
   523 U.S. 740 (1998) ............................................................................................. 4

City of Los Angeles v. Heller,
   475 U.S. 796 (1986) ............................................................................................. 5

Clarendon Nat'l Ins. Co. v. Ins. Co. of the West,
   442 F. Supp. 2d 914 (E.D. Cal. 2006) ................................................................. 3

Fid. Nat'l Fin., Inc. v. Ousley,
   No. C 06-1251 CRB, 2006 U.S. Dist. LEXIS 53965 (N.D. Cal. July 21,
   2006) .................................................................................................................... 8

Government Employees Insurance Co. v. Dizol,
   133 F.3d 1220 (9th Cir. 1998) ............................................................................. 8

High Adventure Ministries, Inc. v. C.I.R.,
   726 F.2d 555 (9th Cir. 1984) ............................................................................... 6

Home Indem. Co. v. Stimson Lumber Co.,
   229 F. Supp. 2d 1075 (D. Or. 2001) .................................................................... 3

Horton v. Goodenough,
   184 Cal. 451 (1920) ............................................................................................. 5

Sierra Foothills Public Utility Dist. v. Clarendon America Ins. Co.,
   No. CVF05736RECLJO, 2005 WL 2089832 (E.D. Cal. Aug. 29, 2005) ......... 4

Societe de Conditionnement en Aluminum v. Hunter Engineering Co.,
   655 F.2d 938 (9th Cir. 1981) ............................................................................... 8

State Farm Fire & Cas. Co. v. Jenkins,
   No. 08-00220, 2009 WL 529083 (D. Haw. Mar. 3, 2009) ................................. 3

Stickrath v. Golbalstar, Inc.,
   No. C07-1941 THE, 2008 U.S. Dist. LEXIS 95127 (N.D. Cal. May 13,
   2008) .................................................................................................................... 8

Theme Promotions, Inc. v. News Am. Mktg. FSI,
 546 F.3d 991 (9th Cir. 2008) .................................................................................. 4

Travelers Indem. Co. v. Boles,
 503 F. Supp. 179, 182 (N.D. Cal. 1980) ............................................................... 7

Veoh Networks, Inc. v. UMG Recordings, Inc.,
 522 F. Supp. 2d 1265 (S.D. Cal. 2007) ................................................................ 8

## PRELIMINARY STATEMENT

In discussions that took place after Plaintiffs filed their Opposition to Defendants' Motion to Dismiss, the parties have now resolved Defendants' challenge to the Corrected First Amended Complaint based on Rule 17. All that remains for the Court to decide is Defendants' challenge to the declaratory judgment claims (the Third and Sixth through Ninth Causes of Action) on the grounds that the claims serve no useful purpose and do not resolve a live controversy.

Plaintiffs do not dispute that the Third and Sixth through Eighth Causes of Action for declaratory relief duplicate substantive claims brought (i) by Plaintiffs in this action and in related arbitrations, (ii) by defendant United Guaranty Mortgage Indemnity Company ("UG Indemnity") in its related action before this Court, and (iii) by defendant United Guaranty Residential Insurance Company of North Carolina ("RNC") in arbitration. Accordingly, these declaratory relief claims serve no useful purpose because they merely seek advance rulings on subsumed issues without resolving the entire dispute between the parties, seek to litigate the merits of substantive claims, and seek to take substantive issues from the jury. The Court should exercise its discretion and decline jurisdiction over the claims.

In an attempt to distinguish the declaratory relief claims from the substantive claims, Plaintiffs argue that the declaratory relief claims are essential to clarify the ongoing contractual relationship between the parties because they will address disputes that will arise in the future. But this argument amounts to nothing more than sheer speculation regarding what future disputes may arise after the substantive claims are resolved. The Declaratory Judgment Act requires an actual controversy, not some contingent disagreement. In fact, if Defendants are permitted to rescind the insurance policies, there will be no ongoing contractual relationship between the parties and no future disputes.

The absence of an actual controversy between the parties is grounds to dismiss the Ninth Cause of Action for declaratory relief, which involves the CGF

-1-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

(Pool Policy). Plaintiffs do not allege that Defendants have denied or threatened to deny any claims under this policy. Plaintiffs seek to manufacture a controversy by arguing that Defendants have exhibited a pattern of interpreting policies so as to deny claims, speculating that there is "no reason to suppose" that Defendants will not deny claims under the CGF (Pool Policy) as well. Such speculation cannot create an Article III controversy, and this final declaratory relief claim should be dismissed as well.

## ARGUMENT

### I. THE PARTIES HAVE RESOLVED THE RULE 17 ISSUE

In discussions that took place after Plaintiffs Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Countrywide Home Loans Servicing, LP (collectively, "Countrywide") filed their Opposition to the present Motion to Dismiss, the parties reached agreement that Countrywide would not advance the arguments that Countrywide Home Loans, Inc. ("Countrywide Home") and Countrywide Home Loans Servicing, LP ("Servicing LP") have their own interests in this action. The parties agreed that the allegations with respect to Countrywide Home's and Servicing LP's individual interests are included in the Corrected First Amended Complaint only to preserve the issue for appeal. The parties' agreement is set forth in the attached letter. See Declaration of Richard A. Schirtzer, filed concurrently herewith, Ex. A. The parties will prepare and execute a stipulation setting forth the agreement that they will enter into the record. In light of the parties' agreement and the trustees' ratification of this action, the Rule 17 issue is resolved.

1  II.   **THE DECLARATORY JUDGMENT CLAIMS (THIRD AND SIXTH**
2        **THROUGH NINTH CAUSES OF ACTION) SHOULD BE DISMISSED**
3        A.   The Declaratory Relief Claims That Duplicate Substantive Claims
4             (Third, Sixth, Seventh, and Eighth Causes of Action) Serve No Useful
5             Purpose
6             1.   Declaratory Judgment Will Not Resolve the Parties' Entire
7                  Dispute

Countrywide does not argue that its piecemeal approach to the Declaratory Judgment Act will resolve the parties' entire dispute. Instead, it argues that the Court should decide its declaratory relief claims anyway because they "would help clarify the parties' legal relationship." Opposition at 21. The Court should decline Countrywide's invitation to issue piecemeal declarations on matters that will be resolved in the determination of substantive claims in this and other proceedings.

In support of its argument, Countrywide relies exclusively on declaratory judgment actions addressing the legal relationship between insurers and insureds where the insured was involved in a separate underlying action. Clarendon Nat'l Ins. Co. v. Ins. Co. of the West, 442 F. Supp. 2d 914, 957 (E.D. Cal. 2006) (insurer sought declaration that it could deny coverage in underlying action based on insured's misrepresentations); State Farm Fire & Cas. Co. v. Jenkins, No. 08-00220, 2009 WL 529083, at *1 (D. Haw. Mar. 3, 2009) (insurer sought declaration that it was not obligated to defend or indemnify insured in underlying action); Allstate Ins. Co. v. Davis, 430 F. Supp. 2d 1112, 1119 (D. Haw. 2006) (same); Home Indem. Co. v. Stimson Lumber Co., 229 F. Supp. 2d 1075, 1078 (D. Or. 2001) (insurers sought declaration regarding insured's coverage limit in underlying actions and allocation among primary and excess insurers). Unlike the declarations Countrywide seeks here, those declarations resolved the entire coverage dispute between insurer and insured, even though they could not resolve the insured's

underlying action. Here, however, Countrywide's declarations cannot resolve the parties' entire dispute.[1]

At best, the Third, Sixth, Seventh, and Eighth Causes of Action for declaratory relief would serve as advance rulings on interpretations of the DEA (Master Policy), GKA (Bulk Policy) and GKD (Accumulation Policy) that would necessarily be resolved as part of the breach of contract, rescission and fraud claims in this action and related proceedings. They therefore serve no useful purpose. As shown in Defendants' Motion, courts have expressly rejected this piecemeal approach to the Declaratory Judgment Act. Motion at 10-11.

Countrywide attempts to distinguish the cases cited in the Motion, but it does not dispute that courts routinely consider whether a claim for declaratory relief will resolve the parties' entire dispute. Opposition at 21 n.14. Countrywide instead focuses on the procedural posture of the cases, emphasizing that two cases involved defensive declaratory judgment actions, one involved an affirmative defense, and two involved parallel state proceedings. Id. But regardless of procedural posture, courts make the same inquiry: Will declaratory judgment resolve the entire dispute? See, e.g., Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("Any judgment in this action would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits."); Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1010 (9th Cir. 2008) ("[T]he Supreme Court has stated that a declaratory judgment is only appropriate where it would completely resolve the concrete controversy.") (citing Calderon, 523 U.S. at 749). Because Countrywide seeks

---

[1] Countrywide also relies on Sierra Foothills, but this case found a declaratory judgment claim served a useful purpose because it addressed an ongoing duty by an insurer to defend an appeal and the potential duty to defend and indemnify in the event of a new trial. Sierra Foothills Public Utility Dist. v. Clarendon America Ins. Co., No. CVF05736RECLJO, 2005 WL 2089832, at *7 (E.D. Cal. Aug. 29, 2005).

1  declarations that will not resolve the parties' entire dispute, but will instead merely
2  resolve issues subsumed in the substantive dispute, its declaratory judgment claims
3  should be dismissed.[2]

### 2. The Duplicative Declaratory Judgment Claims Seek to Litigate the Merits of Substantive Claims

Defendants have demonstrated the extent to which Countrywide's Third, Sixth, Seventh, and Eighth Causes of Action duplicate Countrywide's own breach of contract claims in this action and in the Countrywide-commenced arbitrations, as well as Defendants' fraud and rescission claims in the related action before this Court and in the North Carolina arbitration. Motion at 12-13, 17-19. For example, if UG Indemnity prevails on its fraud or rescission claims before this Court, there will be no issue remaining for declaratory relief on the policies governed by the DEA (Master Policy). Similarly, once all of Countrywide's breach of contract claims are decided, it is unlikely that any issues will remain concerning the alleged improper denial of claims, timely payment of claims, or repudiation of these policies.

Countrywide offers no response to Defendants' charts detailing the extent to which Countrywide's claims for declaratory judgment duplicate various substantive claims. Instead, it argues, without explanation, that its contract claims will resolve only the specific fact patterns of those individual insurance claims. Opposition at 19.[3] Yet Countrywide is careful not to argue that the claims-handling issues

---

[2] Countrywide suggests in a footnote that instead of dismissing its declaratory judgment claims, the Court should remand them to state court. Opposition at 17 n.11. The Court has already denied Countrywide's motion to remand, and Countrywide presents no legitimate grounds for reconsideration.

[3] In any case, the authority on which Countrywide relies did not address breach of contract claims. See City of Los Angeles v. Heller, 475 U.S. 796, 797 (1986) (addressing civil rights claims); Horton v. Goodenough, 184 Cal. 451, 452 (1920) (addressing water rights claims).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

underlying its breach of contract claims are somehow different from the issues on which it seeks declaratory judgment. Moreover, the substantive claims in this case, UG Indemnity's related action, Countrywide's arbitration, and RNC's related North Carolina arbitration, address a wide range of issues that subsume Countrywide's requested declaratory relief. Once all of these substantive claims have been decided, there will be no issue remaining for declaratory relief.

What Countrywide is asking the Court do to, under the guise of requesting declaratory relief, is to tell Defendants how to process insurance claims by deciding what factors Defendants may or may not consider when presented with claims. Nothing in the Policies or the Declaratory Judgment Act impose this duty on the Court, nor is such a detailed determination necessary in light of the parties' substantive claims.

In a final effort to save its declaratory judgment claims, Countrywide tries to draw a temporal distinction, arguing that its declaratory judgment claims address disputes that will arise in the future, whereas its substantive claims address disputes that have arisen in the past. Opposition at 21-23. Countrywide is simply speculating that new disputes will arise at some point in the future after resolution of the substantive claims at issue in this and the related actions. This does not give rise to an actual controversy. High Adventure Ministries, Inc. v. C.I.R., 726 F.2d 555, 557 (9th Cir. 1984) ("It is settled law that an actual controversy, in the context of declaratory judgment actions, must be one which exists in fact and not one which may occur in the future.") (citation omitted). Indeed, given that Countrywide is alleging improper denial and/or rescission of coverage with respect to hundreds of loans, Corrected First Amended Complaint ("Compl.") ¶¶ 903, 921, 926, and bases its breach of contract claims alone on a wide range of alleged misconduct, id. ¶¶ 894-929, it is difficult to imagine there will be any room for dispute once these cases are resolved.

-6-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Even Countrywide cannot plausibly imagine a future dispute that will fall outside the scope of the existing claims, including its own breach of contract claims. In an attempt to provide examples of useful declarations, Countrywide offers the following: "United Guaranty may not, in the future, deny claims or rescind coverage based on alleged borrower fraud, missing documentation, and/or a purported failure to comply with certain underwriting guidelines." Opposition at 19. But these declarations address the same alleged misconduct on which Countrywide bases its breach of contract claims. Compl. ¶¶ 903, 926.

### 3. The Duplicative Declaratory Relief Claims Are an Attempt to Take Substantive Issues From the Jury

Countrywide does not address Defendants' argument that the declaratory judgment claims require resolution of fact issues traditionally tried to a jury. The Third, Sixth, Seventh, and Eighth Causes of Action should be dismissed for this independent reason. Travelers Indem. Co. v. Boles, 503 F. Supp. 179, 182 (N.D. Cal. 1980) (dismissing declaratory judgment claim that "threatens the jury right the insured would otherwise enjoy").

### B. The Declaratory Relief Claim Based on the CGF (Pool Policy) (Ninth Cause of Action) Does Not Address a Live Controversy

Countrywide does not allege that Defendants have denied any claims under the CGF (Pool Policy), or that they have threatened to deny claims. Instead, Countrywide argues that there is an actual controversy under this policy because Defendants have "exhibited a consistent pattern of interpreting its policies in a manner with which Countrywide disagrees . . . ." Opposition at 24. As a result, Countrywide finds "[t]here is no reason to suppose that United Guaranty will not seek to utilize its improper interpretations of policy language to deny future claims under the CGF (Pool Policy) just as it has done under the other policies." Id. Countrywide's argument asks the Court to ignore the actual controversy requirement of Article III and to assume that a dispute will arise in the future based entirely on

1 | an unsupported theory about what Defendants might do.  Countrywide "is not
2 | entitled to an abstract declaration . . . that will ward off all future litigation . . . ."
3 | <u>Stickrath v. Golbalstar, Inc.</u>, No. C07-1941 THE, 2008 U.S. Dist. LEXIS 95127, at
4 | *18 (N.D. Cal. May 13, 2008) (internal quotation marks omitted).  Countrywide
5 | fails to allege any disagreement that has "taken on a fixed and final shape."  <u>Veoh
6 | Networks, Inc. v. UMG Recordings, Inc.</u>, 522 F. Supp. 2d 1265, 1269 (S.D. Cal.
7 | 2007).

In support of its argument, Countrywide relies on <u>Government Employees Insurance Co. v. Dizol</u>, 133 F.3d 1220, 1222 (9th Cir. 1998), but the insurer in that case, unlike here, disputed its obligation to pay a submitted claim.  Countrywide also relies on <u>Societe de Conditionnement en Aluminum v. Hunter Engineering Co.</u>, 655 F.2d 938, 944-945 (9th Cir. 1981), but that was a patent case that involved an actual threat of litigation.  In addition, the reasonable apprehension of harm on which Countrywide relies, Opposition at 23-24, "is generally applied to intellectual property suits in the Ninth Circuit, with the narrower 'substantial controversy' standard applied to other types of suits."  <u>Fid. Nat'l Fin., Inc. v. Ousley</u>, No. C 06-1251 CRB, 2006 U.S. Dist. LEXIS 53965, at *10 n.1 (N.D. Cal. July 21, 2006). Countrywide's hypothetical dispute does not meet this narrower standard.  <u>See Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 241 (1937) ("It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").  Because there is no actual controversy, Countrywide's Ninth Cause of Action for declaratory relief based on the CGF (Pool Policy) must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Countrywide's Third Cause of Action and Sixth through Ninth Causes of Action be dismissed.

DATED: August 24, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/
Richard A. Schirtzer
United Guaranty Mortgage Indemnity Company, United Guaranty Residential Insurance Company, and United Guaranty Residential Insurance Company of North Carolina